# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JEFF CARTER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:24-cv-01790-SGC |
| DEVIN R. CULPEPPER, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION[1]

Jeff Carter initiated this matter by filing a complaint in Jefferson County Circuit Court on November 28, 2023. (Doc. 1-1).[2] The complaint arises from a two-vehicle accident and asserts claims for negligence and negligent entrustment; it names Devin Culpepper as the sole defendant, although it also lists fictitious parties. Following belated service by publication, Culpepper timely removed to this court on the basis of diversity jurisdiction on December 23, 2024. (Doc. 1). Among the pending motions is Carter's motion to remand this case to state court. (Doc. 6). As explained below, the motion to remand is due to be granted, and this matter is due to be remanded to Jefferson County Circuit Court. The other pending motions will be termed without prejudice.

---

[1] The parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c). (Doc. 10).

[2] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: Doc. __ at __.

I.  **BACKGROUND**

The state court complaint describes Carter as a resident of Jefferson County, Alabama; it also alleges Culpepper is a resident of Europa, Mississippi. (Doc. 1-1 at 1). Carter's multiple attempts to personally serve Culpepper at the Europa address listed on the accident report were unsuccessful. (*See* Doc. 1-5 at 15-18; *see also* Doc. 1-4 at 2). On the last attempt to effect personal service at the Europa residence, the process server noted Culpepper's mother answered the door; she stated Culpepper did not live there and didn't "really have an address." (Doc. 1-5 at 18). Attempts to serve Culpepper via certified mail were also unsuccessful. (Doc. 6 at 23). Eventually, the Circuit Court granted Carter's motion to serve Culpepper by publication. (Doc. 1-5 at 50). Carter thereafter published notices in newspapers circulated in Jefferson County, Alabama, and Webster County, Mississippi—where Europa is located—consistent with Rule 4.3 of the *Alabama Rules of Civil Procedure*. (Doc. 1-3). Counsel for Culpepper subsequently appeared and removed to this court, filing a contemporaneous motion to dismiss. (Docs. 1, 2).

Regarding the parties' citizenships, the notice of removal alleges: (1) Carter is a citizen of Alabama and (2) Culpepper is a resident of Mississippi. (Doc. 1 at 3). As to Carter, the notice of removal cites the complaint's allegation of Alabama residence, together with evidence that Carter is registered to vote in Jefferson County. (*Id.* at 3-4). Regarding Culpepper, the notice of removal cites the

2

complaint's allegation of Mississippi residence, together with the fact that service was accomplished by publication in Mississippi. (*Id.* at 3-5). Elsewhere, the notice of removal generally alleges the state court record "consistently confirms that Culpepper currently resides, and intends to reside, in Mississippi." (*Id.* at 3). Carter subsequently filed the pending motion to remand. (Doc. 6). The motion is briefed and ripe for adjudication. (Docs. 8, 12). Also pending are Culpepper's unopposed motions to compel Carter to respond to paper discovery. (Docs. 15, 16).

## II.   DISCUSSION

The party invoking federal subject matter jurisdiction bears the burden of alleging its existence; when a case is removed from state court, that burden falls on the removing party. *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313, n.1 (11th Cir. 2012). Thus, a party removing on the basis of federal diversity jurisdiction must demonstrate complete diversity of citizenship and an amount in controversy in excess of $75,000. *Id.*; 28 U.S.C. § 1332. When the removing party's jurisdictional allegations are challenged, that party "bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002); *accord, e.g., Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010). ("When challenged on allegations of jurisdictional facts, the parties must support their allegations by

3

competent proof.").[3]  Moreover, federalism concerns dictate that removal statutes are strictly construed; any doubts about jurisdiction are resolved in favor of remand. *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013).

Regarding citizenship, a natural person's residence within a state, without more, does not establish their citizenship there for purposes of diversity jurisdiction. *See, e.g., Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).  As the Eleventh Circuit has explained:

> Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.

*McCormick*, 293 F.3d at 1257-58 (citations, internal quotation marks, and footnote omitted).  That is, "domicile requires both residence in a state and 'an intention to remain there indefinitely . . . .'" *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).  Furthermore, diversity must exist both at the time the complaint is filed and at the time of removal.  *See, e.g., Stevens v. Nichols*, 130 U.S. 230, 231

---

[3] The Eleventh Circuit has explained:

> A preponderance of the evidence is evidence which is more convincing than the evidence offered in opposition to it. It simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence. Or phrased in a slightly different fashion, it is proof that persuades the trier of fact that a proposition is more likely true than not true.

*United States v. Watkins*, 10 F.4th 1179, 1184-85 (11th Cir. 2021) (en banc) (citations and quotations omitted).

(1889); *Audi Performance & Racing, LLC v. Kasberger*; 273 F. Supp. 2d 1220, 1225 (M.D. Ala. 2003).

Carter's motion to remand challenges Culpepper's factual allegations concerning both the amount in controversy and diversity of citizenship. (Doc. 6). The arguments regarding citizenship focus on Culpepper's alleged Mississippi citizenship. Specifically, Carter notes Culpepper did not reside at the Europa, Mississippi address and has not presented any other evidence showing his residence, much less his domicile. (*Id.* at 2-3). And while the notice of removal relies on Culpepper's service by publication in Mississippi, Carter correctly notes the publication occurred in both Mississippi and Alabama. (*Id.* at 2).

Carter's motion to remand effectively challenged the jurisdictional allegations in the notice of removal, thereby triggering Culpepper's duty to present competent proof showing the existence of diversity jurisdiction by a preponderance of the evidence. In response, Culpepper does not present any new evidence, instead relying on his service by publication in Mississippi—the same ground cited in the notice of removal. (Doc. 12 at 1).[4] Culpepper also contends the motion to remand fails because it does not present evidence showing he is an Alabama citizen and, thus, has not demonstrated that complete diversity of citizenship is absent. (*Id.* at 1-2).

---

[4] As did the notice of removal, the opposition to the motion to remand generally asserts the state court record "establishes that Culpepper is a resident of Mississippi." (Doc. 12 at 1; *see* Doc. 1 at 3). Review of the 164-page state court record does not support this assertion.

Culpepper's reliance on service by publication in Mississippi is misplaced. Defense counsel's appearance following service by publication in both Jefferson and Webster Counties suggests it is just as likely that Culpepper is an Alabama citizen as it is that he is a Mississippi citizen. Indeed, the only fact consistently demonstrated in the record is that Culpepper did not reside at the Europa address, either at the time the complaint was filed or when this matter was removed more than a year later. Moreover, Culpepper's assertion that remand is inappropriate because Carter has not presented evidence showing the absence of complete diversity misplaces the burden to establish the court's subject matter jurisdiction, which belongs to Culpepper exclusively. Culpepper's reasoning also suggests he may invoke federal diversity jurisdiction merely by alleging he does not share Carter's Alabama citizenship and that he is not required to specifically allege the parties' respective citizenships. As a court sitting within this circuit has explained:

> The Federal Rules require that a plaintiff's Complaint contain "a short and plain statement of the grounds for the court's jurisdiction. FED. R. CIV. P. 8(a)(1). It is the plaintiff's obligation to "affirmatively allege facts demonstrating the existence of jurisdiction." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "Where, as here, the plaintiff asserts diversity jurisdiction, he has the burden to prove that there is diversity." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007); *accord Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); *see also Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000) (quoting *Chemical Leaman Tank Lines, Inc. v. Aetna Casualty & Surety Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999)) ("When prosecuting a suit in federal court, '[t]he plaintiff

6

has the burden of pleading the existence of the court's jurisdiction, and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.' ").

*Nyambi v. Oscar*, No. 18-20936, 2018 WL 3110790, at *1 (S.D. Fla. Mar. 16, 2018).

The court cannot discern any special circumstances preventing Culpepper from presenting evidence showing his own citizenship. His failure to present any such evidence in the face of Carter's credible challenge necessarily means Culpepper has not carried his burden to establish federal jurisdiction by a preponderance of the evidence. Strictly construing removal statutes and resolving all doubts about jurisdiction in favor of remand—as the court must—Carter's motion to remand is due to be granted. Having concluded complete diversity is lacking, it is not necessary to discuss the parties' contentions regarding the amount in controversy.

Without subject matter jurisdiction, this court will not rule on Culpepper's pending motions to dismiss and to compel responses to paper discovery. Culpepper may pursue the relief sought in those motions after remand to state court. The Clerk of Court is **DIRECTED** to **TERM** Culpepper's pending motions **WITHOUT PREJUDICE**. (Docs. 2, 15, 16).

A separate order of remand will be entered.

**DONE** this 16th day of September, 2025.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE

7